**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS DELGADO-LORENZO, | No. 10-71929 |
| Petitioner, | Agency No. A073-731-631 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:  FERNANDEZ, McKEOWN and BYBEE, Circuit Judges.

Juan Carlos Delgado-Lorenzo, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and protection under the Convention Against Torture (CAT).  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny petitioner's request for oral argument.

jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the Board's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his U.S. citizen child. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

Substantial evidence supports the Board's denial of asylum and withholding of removal because petitioner failed to show that the guerillas' attempt to recruit him was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992) (holding that forced recruitment alone is not enough to show persecution on account of political opinion). Because the Board properly denied relief for lack of a nexus, we need not address petitioner's contention that he suffered past persecution or has a well-founded fear of future persecution by forces the Guatemalan government is unable or unwilling to control.

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioner did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-71929